UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————

Sharon Aretha Bennett,

                    Plaintiff,              14 Civ. 2063 (JGK)

              - v.-                         MEMORANDUM OPINION AND
                                            ORDER
Project Renewal, Inc., Mitchell Netburn,
Jim Mutton, Jessica Amsterdam,

                    Defendants.
————————————————————————

JOHN G. KOELTL, District Judge:

     The plaintiff, Sharon Aretha Bennett ("Bennett"), brings

this action against Project Renewal, Inc. ("Project Renewal")

and three individual employees of Project Renewal, namely

Mitchell Netburn, Jim Mutton, and Jessica Amsterdam

(collectively the "defendants"), alleging disability

discrimination and retaliation in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title

VII").  The defendants now move to dismiss for failure to state

a claim upon which relief can be granted pursuant to Federal

Rule of Civil Procedure 12(b)(6).


                              I.

     The following factual allegations are construed in the

light most favorable to the plaintiff.  Ms. Bennett was an

employee at Project Renewal.  After becoming injured on the job,

Bennett filed a workers compensation claim.  Compl. at p. 3.

Then, in September 2011, Bennett was terminated from her position at Project Renewal.  <u>See</u> Compl. at p. 2.

In early March of 2014, Bennett filed a complaint with the Equal Employment Opportunity Commission ("EEOC") claiming that the termination was in retaliation for a disability or perceived disability that stemmed from her on-the-job injury and her workers compensation claim.  Compl. at p. 2-4.  The EEOC complaint was dismissed as untimely on March 10, 2014.  Compl. at p. 5.  Bennett then filed this action on March 17, 2014.

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor.  <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007).  The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Therefore, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

### III.

A timely filing of a charge with the EEOC is a prerequisite to any Title VII claim filed in federal district court. 42 U.S.C. § 2000e-5(e); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir 1996). In New York State, the limitations period for filing such a charge is 300 days from the date of any

3

act of discrimination or retaliation.  Borrero v. Am. Express
Bank, Ltd., 533 F. Supp. 2d 429, 435 (S.D.N.Y. 2008).  "[O]nly
incidents that took place within the timely filing period are
actionable."  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S.
101, 114 (2002).  Likewise, any claim made pursuant to the
Americans with Disabilities Act (ADA) has the same requirement
and limitations period.  42 U.S.C. § 12117(a).

　　　The facts alleged in the plaintiff's complaint do not
appear to give rise to a claim under Title VII.  She does not
allege that she belongs to any protected class.  See Kirkland v.
Cablevision Systems, 760 F.3d 223, 225 (2d Cir. 2014) (a prima
facie case for discrimination first requires a demonstration
that the plaintiff is in a protected class).  The plaintiff may
have intended to base her claim on the ADA, because she claims
she was terminated due to a disability or a perceived
disability.  In any event, the plaintiff did not submit a charge
to the EEOC until over two years after she was terminated.
Therefore, she has failed to file a timely charge and this claim
must be dismissed.

　　　Moreover, the plaintiff's complaint provides only
conclusory allegations that do not state a plausible claim of
discrimination or retaliation.  There is no allegation that the
plaintiff is a member of a protected class, nor is there an
allegation that she was discriminated against based on
membership in such a class.  Filing a worker's compensation

4

claim does not place the plaintiff into a protected class, nor does it give rise to a claim for retaliation under the ADA. Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 154 (4th Cir. 2012) (holding that filing a worker's compensation claim is not protected activity under the ADA); see also Alford v. Turbine Airfoil Coating & Repair, LLC, No. 12cv7539, 2014 WL 1516336, at *12 (S.D.N.Y. April 17, 2014).

The plaintiff has also failed to state a claim against the individual defendants.  It is well-settled that individual persons are not subject to liability under Title VII.  See e.g., Patterson v. Country of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004).  This is also true for the ADA.  See e.g., Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010).  Therefore, the plaintiff's claims against the individual defendants must be dismissed.

Because the plaintiff is proceeding pro se, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis, 618 F.3d at 170 (citation and internal quotation marks omitted).  Such a case "should not [be] dismiss[ed] without [the court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Id. (alterations in original); see also Grullon v. City of New Haven, 720 F.3d 133, 140 (2d Cir. 2013) (holding same, but indicating that "leave to amend may properly be denied

if the amendment would be futile" (alterations, internal quotation marks, and citation omitted)).  In this case, the plaintiff responded to the motion to dismiss by asking to amend her complaint "to retaliatory punishment for filing a Workmen's Compensation Claim."  But that would not state a claim for a violation of Title VII or the ADA.  Moreover, while the plaintiff alleges she was traumatized by her termination, that would not excuse the plaintiff's failure to file a complaint with the EEOC for two and a half years after her termination. Limitations periods in discrimination cases must be strictly adhered to in order to guarantee evenhanded administration of the law.  Morgan, 536 U.S. at 108-09.  Accordingly, the complaint must be dismissed with prejudice because any amendment would be futile.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the foregoing reasons, the defendant's motion to dismiss is **granted. The complaint is dismissed with prejudice.  The Clerk is directed to enter judgment and to close this case.**

SO ORDERED.

Dated:     New York, New York
           March 30, 2015          _____/s/_____
                                        John G. Koeltl
                                   United States District Judge

6